AO 91 (Rev. 11/11) Criminal Complaint (approved by AUSA Jeanine Linehan)　　　　　　　　　　　　　　18-090

# UNITED STATES DISTRICT COURT
for the
Eastern District of Pennsylvania

| | |
|---|---|
| United States of America<br>v.<br>ERIC ROMAN<br>LUIS MIGUEL ROMAN<br>and<br>BRANDON BAUTISTA<br><br>*Defendant(s)* | ) ) ) ) ) ) ) )　Case No. 18-1284 |

## CRIMINAL COMPLAINT

I, the complainant in this case, state that the following is true to the best of my knowledge and belief.

On or about the date(s) of __August 5, 2018 to August 8, 2018__ in the county of __Philadelphia and elsewhere__ in the __Eastern__ District of __Pennsylvania__, the defendant(s) violated:

| Code Section | Offense Description |
|---|---|
| 18 U.S.C. § 924(a)(1)(A) | willfully causing, a false statement and representation with respect to the information required to be kept in the records of a federally licensed firearms dealer in connection with the acquisition of one (1) Glock, model 27, .40 caliber pistol type firearm with serial number SEA945; |
| 18 U.S.C. § 922(a)(1) | illegally deal in firearms without a license; |
| 18 U.S.C. § 924(c) | possession of firearm in furtherance of drug trafficking *Eric ROMAN & BAUTISTA only |

This criminal complaint is based on these facts:

Please refer to the attached affidavit.

☑ Continued on the attached sheet.

_____
*Complainant's signature*

Robert Wise, Special Agent, ATF
*Printed name and title*

Sworn to before me and signed in my presence.

Date: 08/9/2018

_____
*Judge's signature*

City and state: Philadelphia, Pennsylvania

Hon. Linda K. Caracappa
*Printed name and title*

## AFFIDAVIT IN SUPPORT OF
## CRIMINAL COMPLAINT AND ARREST WARRANT

I, Robert Wise, being first duly sworn, hereby depose and state as follows:

### INTRODUCTION AND AGENT BACKGROUND

1. I am a Special Agent for the United States Department of Justice, Bureau of Alcohol, Tobacco, Firearms, and Explosives (ATF). I am currently assigned to ATF Philadelphia Group VII, which is a Firearms Enforcement Group whose primary responsibilities include investigating violent crime through the interdiction of firearms being possessed by violent criminals in Philadelphia, Pennsylvania. During this time, I have successfully completed the Criminal Investigator Training program (CITP) as well as the Special Agent Basic Training program (SABT). I have am familiar with investigations involving violations of federal firearms laws, including laws prohibiting providing false information to federally licensed firearms dealers in connection with the acquisition of firearms, as well as laws prohibiting dealing in firearms without a license.

2. As a Special Agent with ATF, I am authorized to investigate violations of Federal law, including Title 18, 21, and 26 of the United States Code.

3. As part of my duties, I am assigned to the investigation of Luis Miguel ROMAN Eric ROMAN, and Brandon BAUTISTA (BAUTISTA), three residents of Philadelphia who have conspired to illegally deal in firearms without a license in violation of Title 18, United States Code, Section 922(a)(1), and to knowingly make false statements with respect to the information required to be kept in the records of Federal Firearms Licensees (FFLs) in violation of 18 USC 924(a)(1)(a).

4. This affidavit is provided in support of a Criminal Complaint and Arrest Warrant charging Luis Miguel ROMAN, Eric ROMAN, and BAUTISTA with conspiracy to (a) deal in

1

firearms without a license, in violation of Title 18, United States Code, Section 922(a)(1); and (b) knowingly make false statements with respect to the information required to be kept in the records of Federal Firearms Licensees (FFLs) in violation of 18 USC 924(a)(1)(a); and Eric ROMAN and Brandon BAUTISTA with 18 USC Section 924(c), possession of a firearm in furtherance of a drug trafficking crime.

5. Section 922(a)(1)(A) provides that it shall be unlawful for any person except a licensed importer, licensed manufacturer, or licensed dealer, to engage in the business of importing, manufacturing, or dealing in firearms, or in the course of such business to ship, transport, or receive any firearm in interstate or foreign commerce.

6. As used in Section 922(a)(1)(A), "engaged in the business" means: "[a]s applied to a dealer in firearms, . . . a person who devotes time, attention, and labor to dealing in firearms as a regular course of trade or business with the principal objective of livelihood and profit through the repetitive purchase and resale of firearms...." 18 U.S.C. § 921(a)(21)(C). The phrase "with the principal objective of livelihood and profit" means "that the intent underlying the sale or disposition of firearms is predominantly one of obtaining livelihood and pecuniary gain, as opposed to other intents, such as improving or liquidating a personal firearms collection." 18 U.S.C. § 921(a)(22).

7. Section 924(a)(1)(a) provides that it shall be unlawful to knowingly make any false statement or representation with respect to the information required to be kept in the records of a person licensed to deal in firearms. At all times relevant, the rules and regulations governing FFL holders require that a person seeking to purchase a handgun fill out a "Firearms Transaction Record," ATF Form 4473. Part of the Form 4473 required that the prospective purchaser certify truthfully, subject to penalties of perjury, that he or she was the actual buyer of the firearm. The

Form 4473 contains language warning that "the federal firearms laws require that the individual filling out this form must be buying this firearm for himself/herself or as a gift, but who completes this form, violates the law."

8. A person who purchases a firearm for another person and falsely completes the Form 4473 is a "straw purchaser." Acting as a straw purchaser is referred to as "lying and buying." FFL holders are required to maintain a record, in the form of a completed Form 4473, of the identity of the actual buyer of the firearms sold by the FFL holder.

9. I am familiar with the information contained in this affidavit through my own investigation and/or from my discussions with other law enforcement officers and witnesses. I am submitting this affidavit to establish probable cause for the requested arrest warrants. It does not contain all of the information known to me or developed in the course of the investigation.

## FACTS ESTABLISHING PROBABLE CAUSE

10. In August 2018, ATF initiated an investigation into Luis Miguel ROMAN and BAUTISTA after receiving information the Delaware Valley Sports Center (DVSC), a Federal Firearms Licensee (FFL), that Luis Miguel ROMAN had made several purchases of multiple firearms over a short time. Through my experience and that of other ATF agents, I know DVSC to be an FFL operating in Philadelphia, Pennsylvania, and that DVSC operates as a retail store and a public shooting range. This employee informed ATF that on or about August 5, 2018 Luis Miguel ROMAN had purchased three firearms in a single transaction from DVSC. The employee further informed ATF that on or about August 7, 2018 Luis Miguel ROMAN returned to DVSC and again purchased three firearms in a single transaction. The employee informed ATF that on August 7, Luis Miguel ROMAN was with another man who appeared to be advising Luis Miguel ROMAN as to which firearms to purchase by stating, "[w]hat he needs." The employee informed

ATF that during the purchase of these firearms, Luis Miguel ROMAN listed his employment as "n/a" on a Pennsylvania state form recording the transaction, and paid for the firearms with cash. The employee informed ATF that following the purchase, Luis Miguel ROMAN and the individual with him left the store together in a red Chevrolet Impala bearing Pennsylvania license plate KPN2286 (hereafter referred to as "the aforementioned vehicle." According to the employee, the men placed the firearms in the passenger compartment of the vehicle. The employee stated that there was a third male in the vehicle when it exited the store. A review of Pennsylvania Department of Transportation records revealed that the Impala isregistered to Brandon BAUTISTA. The employee of DVSC identified a photograph of BAUTISTA as the second male who had accompanied Luis Miguel ROMAN in the DVSC and told him what to buy. The employee recognized BAUTISTA from the previous day when BAUTISTA was in the store with another male, who was attempting to purchase a firearm. BAUTISTA requested that the employee run a check to see if he (BAUTISTA) could legally purchase a firearm. The employee responded that they were not permitted to query the system without an attempt to purchase a firearm.

11. I reviewed "Multiple Sale" reports[1] maintained by ATF which revealed the following:

- On August 2, 2018, Luis Miguel ROMAN purchased three handguns from Mike's Sporting Goods Inc., an FFL located in Levittown, Pennsylvania;
- On August 5, 2018, Luis Miguel ROMAN purchased three handguns from DSVC;
- On August 7, 2018, Luis Miguel ROMAN purchased three handguns from DVSC; and,

---

[1] ATF requires FFLs to file Multiple Sale reports when an individual purchases two or more handguns during five consecutive business days.

- On August 7, 2018, Luis Miguel ROMAN purchased two handguns at Bristol Shooters, an FFL operating in Bristol, Pennsylvania.

12. In my review of the reports, I noted that Luis Miguel ROMAN's purchases were handguns of similar/same make and model. In sum, the reports indicate that between August 2, 2018, and August 7, 2018, Luis Miguel ROMAN purchased eleven handguns. Given my training and experience, I know that purchasing a large number of handguns, particularly of the same or a similar type, in a short period, with multiple handguns purchased in each transaction, is a potential indicator of "straw purchasing" and firearms trafficking.

13. On or about August 8, 2018, I was notified by DVSC that Luis Miguel ROMAN and a second male, who had identified himself to the employee as Luis Miguel ROMAN's brother Eric ROMAN, were currently at DVSC, and that Luis Miguel ROMAN was attempting to purchase a .22-caliber Uzi-style rifle. The employee informed me that Eric ROMAN was the third male that he had seen Luis Miguel ROMAN and BAUTISTA with outside the store the previous day. The employee informed me that they arrived together in the Chevrolet Impala the employee had seen Luis Miguel ROMAN in previously.

14. ATF established surveillance both inside of and outside of DVSC and observed Luis Miguel ROMAN and Eric ROMAN inside DVSC, and the Impala parked in the parking lot. After several minutes, ATF surveillance observed both of them leave DVSC carrying a long brown box, consistent with boxes in which firearms are commonly sold, and enter the Impala with the box. Luis Miguel ROMAN appeared to be driving with Eric ROMAN as the only passenger. ATF followed the car as it drove directly from DVSC to Mike's Sporting Goods, an FFL in Levittown, Pennsylvania. ATF personnel observed Luis Miguel ROMAN and Eric ROMAN briefly enter and exit Mike's Sporting Goods and drive away. ATF personnel continued to conduct mobile

surveillance of their car, following it to the 100 block of E Albanus Street in Philadelphia. ATF personnel observed them stop and park on E Albanus Street near the intersection with N Front Street. Luis Miguel ROMAN remained in the driver's seat while Eric ROMAN exited the passenger seat, removed the aforementioned box from the vehicle, and entered the front door of a residence at 4937 N Front Street with the box.

15. Believing that an illegal transfer of a firearm had just occurred, ATF agents removed Luis Miguel ROMAN from the car and detained him. ATF agents went to the front door of 4937 N Front Street, announced their presence as law enforcement, and requested Eric ROMAN to come to the front door. When Eric answered the door, ATF personnel asked him if there was anyone else in the residence and he responded that there was a four-year-old child on the second floor. Eric ROMAN stated ATF could check the home. While conducting a protective sweep of the house, ATF agents observed, in plain view, multiple firearms boxes and multiple large bags of a green leafy substance consistent with marijuana on the second floor. ATF secured the residence in anticipation of a search of the residence.

16. While at the residence, ATF personnel interviewed J.Q., the owner of 4937 N Front Street. J.Q. stated that her sister, T.Q., rents the second floor of the residence and that Brandon BAUTISTA stays on the second floor with T.Q. T.Q. advised agents that she rents the second floor of 4937 N Front Street, and that her boyfriend Brandon BAUTISTA frequently stays there with her. T.Q. provided ATF with her consent to search the second floor of 4937 N Front Street. During the search, ATF personnel recovered four firearms, three of which were consistent with those purchased by Luis Miguel ROMAN, numerous firearms boxes with serial numbers consistent with firearms purchased by Luis Miguel ROMAN, bulk quantities of a green leafy

substance consistent with marijuana, narcotics paraphernalia and narcotics contained in a cooler with a firearm, and in a separate location indicia in the name of Brandon BAUTISTA.

17. ATF personnel conducted post-Miranda interviews of both Luis Miguel ROMAN and Eric ROMAN. Luis Miguel ROMAN identified 135 E Roosevelt Boulevard, Apartment 1, as his and Eric ROMAN's residence and signed a consent to search form for this residence. ATF personnel then conducted a consent search of this residence, recovering several copies of firearms transaction records in the name of Luis Miguel ROMAN as well as indicia for Luis Miguel ROMAN and Eric ROMAN, firearm ammunition magazines, a quantity of a leafy green substance consistent with marijuana, and suspected narcotics packaging and a suspected narcotics tally sheet.

18. After ATF advised him of his *Miranda* rights, Luis Miguel ROMAN admitted that he had purchased approximately twelve firearms in approximately the last week from local gun stores to sell them with Brandon BAUTISTA. Luis Miguel ROMAN admitted to knowingly making false statements on the applications to purchase the firearms, specifically he admitted to marking that he was the actual buyer of the firearms on ATF Form 4473, when in fact he and BAUTISTA intended to sell them. Luis Miguel ROMAN acknowledged that he knew that BAUTISTA was a convicted felon, and as such could not purchase firearms. Luis Miguel ROMAN stated that he and BAUTISTA had agreed that he (Luis Miguel) would purchase specific models of firearms based upon the need and/or resale value "on the street." Luis Miguel ROMAN stated that initially, he and BAUTISTA pooled their money to pay for the firearms prior to the purchase. Then, BAUTISTA sold the firearms for twice what they had paid and divided the profits from the sales with Luis Miguel ROMAN. Soon into this scheme, BAUTISTA provided Luis Miguel ROMAN with 100% of the funds for the firearms purchases and paid him $350 so that Luis Miguel could purchase a firearm to resell. Immediately after all of the purchases, Luis

7

Miguel provided the firearms to BAUTISTA. Luis Miguel ROMAN stated that of the four firearms ATF found in BAUTISTA's home, one, the Uzi, Luis Miguel ROMAN purchased earlier that day, and the others were firearms that he (Luis Miguel ROMAN) purchased for BAUTISTA to sell. Luis Miguel stated that he and BAUTISTA shared ownership of the marijuana ATF recovered inside of 4937 N Front Street and they both intended to sell it.

19. During his post-Miranda interview, Eric ROMAN admitted to going to FFLs on multiple occasions with Luis Miguel ROMAN, and on one occasion with both Luis Miguel ROMAN and Brandon BAUTISTA. Eric ROMAN further stated that he knew that Brandon BAUTISTA was giving Luis Miguel ROMAN money to buy him firearms. Eric ROMAN admitted that on a recent occasion he had received a Taurus handgun from Luis Miguel ROMAN that Luis Miguel ROMAN had purchased at an FFL several days prior, which Eric ROMAN sold. Eric ROMAN provided ATF personnel with consent to search his cellular telephone. ATF personnel observed multiple text messages from the phone that appeared to be advertising firearms for sale, including what appeared to be at least two Taurus handguns. On the barrel of one of these apparent Taurus handguns is visible a partial serial number ending in "10328", which is consistent with the ending of the serial number of a Taurus handgun purchased by Luis Miguel ROMAN from Mike's Sporting Goods on or about August 2, 2018. ATF personnel reviewed these text messages with Eric ROMAN, who admitted that they were text messages he had sent over the past several days advertising firearms for sale on the street.

20. Eric ROMAN also admitted that he sold marijuana, and that he kept at least one firearm for protection. Eric ROMAN stated that he did not carry the firearm on his person while selling marijuana, but kept it in a house close to the location where he trafficked. He stated that

he did not recently keep the firearm at 135 E Roosevelt Boulevard because he was preparing to move from that residence.

## CONCLUSION

21. Based on the above information, and my experience and training as an ATF special agent, I believe there is probable cause to arrest Luis Miguel ROMAN, Eric ROMAN, and Brandon BAUTISTA for conspiracy to (a) deal in firearms without a license, in violation of Title 18, United States Code, Section 922(a)(1); and (b) knowingly make false statements with respect to the information required to be kept in the records of Federal Firearms Licensees (FFLs) in violation of 18 USC Section 924(a)(1)(a), and Eric ROMAN and Brandon BAUTISTA with 18 USC Section 924(c), possession of a firearm in furtherance of a drug trafficking crime.

Respectfully submitted,

Robert Wise
ATF Special Agent

Subscribed and sworn to before me this 9th day of August, 2018,

HONORABLE LINDA K. CARACAPPA
United States Magistrate Judge

9